UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILIP GIBSON (#456583)

CIVIL ACTION

VERSUS

16-354-SDD-RLB

JAMES LEBLANC, ET AL.

### ORDER

The Plaintiff, Philip Gibson, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, proceeding *pro se,* filed this civil action complaining of alleged violations of his constitutional rights. The Plaintiff has now filed a *Motion for the Issuance of a Preliminary Injunction and/or Temporary Restraining Order*[1]. The Motion is opposed.[2]

In his Motion, the Plaintiff asserts the following pertinent allegations: On December 1, 2014 he sustained a tibial plateau fracture when excessive force was used against him by Defendant, Lt. Slater. He received treatment in the form of an x-ray and an ace bandage following the incident. The next day, the Plaintiff was examined by Dr. Roundtree who felt that surgery was necessary, but unlikely to be performed due to expense. The Plaintiff was given a knee immobilizer, prescribed pain medication, and transferred to the Skilled Nursing Unit.

On December 15, 2014, the Plaintiff was seen by Dr. Wagespack, an orthopedic specialist. Dr. Wagespack felt that surgery was needed immediately; however, the

---
[1] Rec. Doc. 26.
[2] Rec. Doc. 27.

Plaintiff was not transported to LSU medical center. The Plaintiff was later transported to LSU medical center on January 12, 2015 and was examined by Dr. De La Rosa. Dr. De La Rosa informed the Plaintiff that, due to the delay in treatment, the broken bone could no longer be fixed and the only procedure that could alleviate the Plaintiff's condition is a total knee replacement. The Plaintiff was later examined by other doctors who joined in Dr. De La Rosa's opinion.

The Plaintiff alleges that he suffers from constant pain, especially when walking, and that, due to his knee not being aligned with his ankle, his hip has become displaced. For relief, the Plaintiff asks the Court to order that his right knee be operated on within five (5) working days from the grant of the preliminary injunction.

The relief sought by the Plaintiff in his Motion is generally co-extensive with the relief sought in his *Complaint*. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case.[3] Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

---

[3] See generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[4] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[5]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[6] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[7]

The Plaintiff herein has failed to show the facts and law clearly favor his request for a temporary restraining order or preliminary injunction. The Plaintiff's Motion, which relies solely on his own allegations, fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Instead, the Plaintiff offers only unsubstantiated allegations concerning his medical condition, which do not show that the Plaintiff is not receiving treatment, only that the Plaintiff believes he is in need of additional treatment. Additionally, any harm which may

---

[4] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[5] See *Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.
[6] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[7] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

come to the Plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order.

Furthermore, the Plaintiff has not shown that the injunction will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security.[8] Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations."[9] The Plaintiff asks this Court to enmesh itself into the internal operations of the prison in order for him to receive the medical treatment which he believes to be most appropriate. The Plaintiff has failed to overcome his onerous burden of proof, and his request for injunctive relief cannot be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for the Issuance of a Preliminary Injunction and/or Temporary Restraining Order*[10] is **DENIED**.

Baton Rouge, Louisiana the 29 day of September, 2016.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] *Block v. Rutherford*, 468 U.S. 576, 584–85 (1984).
[9] *Lewis v. Casey*, 518 U.S. 343 (1996), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).
[10] Rec. Doc. 26.