## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILIP GIBSON (#456583)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-354-SDD-RLB** |
| **JAMES LEBLANC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judges Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGES REPORT.

Signed in Baton Rouge, Louisiana, on December 12, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILIP GIBSON (#456583)                           CIVIL ACTION

VERSUS

                                                  NO. 16-354-SDD-RLB

JAMES LEBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the plaintiff's Motions for Default Judgment (R. Docs. 112, 114, and 116). The plaintiff requests that default judgments be entered against defendants Sylvest, De La Rosa, Fox, Rose, Perry, and Whatley for their failure to file responsive pleadings within twenty-one (21) days from the date of service of the amended Complaint. An opposition has been filed on behalf of defendants De La Rosa, Fox, Rose, Perry, and Whatley. *See* R. Doc. 113.

The plaintiff's Motions (R. Docs. 112, 114, and 116) should be denied.

"Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate. A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

In this case, the plaintiff failed to obtain an entry of default prior to moving for entry of default judgment. Entry of a default from the clerk of court under Federal Rule of Civil Procedure 55(a) is a prerequisite to obtaining an entry of judgment under Rule 55(b).

Accordingly, Plaintiff must first request that the clerk enter a default. In addition, defendants De La Rosa, Fox, Rose, Perry and Whatley have filed Motions to Dismiss and have therefore appeared in this matter. *See* R. Docs. 110 and 111.[1]

## **RECOMMENDATION**

It is recommended that the plaintiff's Motions (R. Docs. 112, 114, and 116) be **DENIED.**

Signed in Baton Rouge, Louisiana, on December 12, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In the Motion to Dismiss filed on November 3, 2017 (R. Doc. 111), counsel for defendants represents that the "other defendants in this matter have either not been served or have been dismissed." The undersigned takes no position as to whether defendant Ronald Sylvest has been properly served (R. Doc. 80) or whether a default against that defendant would be appropriately entered if requested by the plaintiff.