# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PHILIP GIBSON (#456583)                                    CIVIL ACTION

VERSUS

                                                           NO. 16-354-SDD-RLB

JAMES LEBLANC, ET AL.

## ORDER

The Plaintiff, Phillip Gibson, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, proceeding *pro se,* filed this civil action complaining of alleged violations of his constitutional rights. The Plaintiff has now filed *Motions for Issuance of Preliminary Injunction and/or Temporary Restraining Order*[1].

In his Motions, the Plaintiff is seeking treatment for his injured knee and requests that defendant Dr. Preety Singh be ordered to provide the treatment recommended by specialists.

The relief sought by the Plaintiff in his Motions is generally co-extensive with the relief sought in his *Complaint*, as amended.[2] As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case.[3] Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

---

[1] Rec. Docs. 134, 136, and 138.
[2] Rec. Docs. 1 and 38.
[3] See generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[4] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[5]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[6] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[7]

The Plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. The Plaintiff's Motion, which relies solely on his own allegations, fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Instead, the Plaintiff offers only unsubstantiated and conclusory allegations. Additionally, any harm which may come to the Plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order.

---

[4] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[5] See *Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.
[6] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[7] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions[8] are DENIED.

Baton Rouge, Louisiana the 6 day of November, 2018.

**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Docs. 134, 136, and 138.