UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP GIBSON (#456583) | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | NO. 16-354-SDD-RLB |

## RULING

The Court has carefully considered the *Motion*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Richard L. Bourgeois, Jr. dated July 16, 2019, to which an objection[3] was filed.

With regards to the plaintiff's objection, the Court concludes that the objection is without merit. The plaintiff asserts in his objection that he filed a grievance with the Louisiana Department of Corrections Asst. Secretary of Adult Services on December 29, 2014; therefore, he had until May 24, 2016 to file his Complaint. The plaintiff further asserts that his Complaint was timely filed on May 16, 2016.

A properly filed ARP grievance tolls the running of the one-year limitations period for a prisoner's claim. *Madis v. Edwards,* 347 F. Appx. 106, 108 (5th Cir.2009). The grievance referenced above was not properly filed.

Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust

---

[1] Rec. Doc. 188.
[2] Rec. Doc. 199.
[3] Rec. Doc. 202.

administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325.

As such, the plaintiff was required to file his grievance with the warden's office at Elayn Hunt Correction Center ("EHCC"). In the instant matter, the grievance[4], dated December 29, 2014, and attached to the plaintiff's objection, was not sent to the warden's office at ("EHCC"). Instead, the grievance was addressed to:

> La. Dept. of Public Safety & Corrections
> c/o Asst. Secretary of Adult Services
> P.O. Box. 94394
> Baton Rouge, LA 70804-9304

The plaintiff asserts in his objection that the grievance was properly addressed as set forth above because at the time of the alleged incident the plaintiff was in the intake process through the Adult Reception Diagnostic Center ("ARDC"). Elayn Hunt Correctional Center both houses inmates and serves as an intake point for adult male offenders committed to the Department of

---

[4] Rec. Doc. 202-2.

Public Safety and Corrections. The ARDC is not a separate entity that is not under the control of EHCC. Rather, the ARDC is simply another function, aside from incarceration, provided by EHCC. As such, the plaintiff should have submitted his grievance, dated December 29, 2014, to the warden's office at EHCC.

Since the December 29, 2014 grievance was not properly filed, it did not suspend the running of the prescriptive period. The nearly identical grievance, filed with Warden Robert Tanner on January 29, 2015, was properly filed and the prescriptive period was then suspended for the time this grievance was pending. As such, the plaintiff had until May 9, 2016 to timely file his Complaint, as calculated by the Magistrate Judge. The plaintiff's Complaint was not filed until May 16, 2016; therefore, his claims had prescribed prior to the filing of his Complaint.

For these reasons, the Court hereby approves the *Report and Recommendation* of the Magistrate Judge and adopts it as the Court's opinion herein.

**ACCORDINGLY**, the Defendants' *Motion for Summary Judgment*[5] is hereby GRANTED, and this matter is dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on August 8, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. 188.